IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERLAN LYNELL DICEY,

        Plaintiff,                    No. 2:12-cv-1709 JFM (PC)

   vs.

C. JOKSCH, et al.,                  <u>ORDER AND</u>

        Defendants.          <u>FINDINGS & RECOMMENDATIONS</u>

                                /

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
2  account. These payments will be forwarded by the appropriate agency to the Clerk of the Court
3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28
4  U.S.C. § 1915(b)(2).
5          The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
7  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
9  be granted, or that seek monetary relief from a defendant who is immune from such relief. 28
10  U.S.C. § 1915A(b)(1),(2).
11          A claim is legally frivolous when it lacks an arguable basis either in law or in
12  fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
13  28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
14  indisputably meritless legal theory or where the factual contentions are clearly baseless.
15  Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
16  inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
17  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
18          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell
21  Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v.
22  Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a
23  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
24  must contain factual allegations sufficient "to raise a right to relief above the speculative level."
25  Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only
26  "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""

Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In the complaint filed June 27, 2012, plaintiff claims defendant Officers Joksch and Gordon were unprofessional on June 25, 2008 when they swore at and threatened plaintiff over an incident concerning plaintiff's legal mail.  On review, the court finds that plaintiff's allegations do not state a claim on which relief could be granted.  Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  The complaint should be thus dismissed.

Moreover, plaintiff does not allege that either of these defendants physically assaulted him and the exhibits[1] attached in support of the complaint do not set any additional facts that would support such a claim.  Therefore, because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989) (citing Conley v. Gibson, 355 U.S. 41, 45-56 (1957)), leave to amend should be denied.  Schreiber Dist. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) (citing Bonanno v. Thomas, 309 F.2d 320, 322 (9th Cir. 1962)).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

---

[1] A "court may consider material that the plaintiff properly submitted as part of the complaint . . ." and that is incorporated by reference. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); Fed. R. Civ. P. 10(c).

3

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. The Clerk of the Court is directed to assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;dice1709.14new