IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERLAN LYNELL DICEY,

    Plaintiff,                     No. 2:12-cv-1709 GEB JFM (PC)

  vs.

C. JOKSCH, et al.,                 ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        On October 17, 2012, the court screened the complaint pursuant to 28 U.S.C. § 1915A(a). At that time, the undersigned recommended that the complaint be dismissed without leave to amend. Specifically, the findings and recommendations stated as follows:

> In the complaint filed June 27, 2012, plaintiff claims defendant Officers Joksch and Gordon were unprofessional on June 25, 2008 when they swore at and threatened plaintiff over an incident concerning plaintiff's legal mail. On review, the court finds that plaintiff's allegations do not state a claim on which relief could be granted. Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987). The complaint should be thus dismissed.

1

Moreover, plaintiff does not allege that either of these defendants physically assaulted him and the exhibits attached in support of the complaint do not set any additional facts that would support such a claim. Therefore, because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989) (citing Conley v. Gibson, 355 U.S. 41, 45-56 (1957)), leave to amend should be denied. Schreiber Dist. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) (citing Bonanno v. Thomas, 309 F.2d 320, 322 (9th Cir. 1962)).
</blockquote>

(Dkt. No. 8 at p. 3 (footnote omitted).)

In plaintiff's objections to the October 17, 2012 findings and recommendations, he alludes to the fact that he is attempting to bring a First Amendment retaliation claim in this action. Rather than recommend that the complaint be dismissed without leave to amend, and in the interests of justice, the complaint will instead be dismissed with leave to amend. The court notes with respect to a First Amendment retaliation claim that "the mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009); see also Burgess v. Moore, 39 F.3d 216 218 (8th Cir. 1994) ("[A] threat of retaliation is sufficient injury if made in retaliation for an inmate's use of prison grievance procedures."). Plaintiff is informed that a viable First Amendment retaliation claim entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff is also informed in any amended complaint that he elects to file that Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to

survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555, in turn quoting Conley, 355 U.S. at 47).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see id., and construe the pleading in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. 678.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations entered on October 17, 2012 are vacated to the extent that they recommended dismissing the complaint without leave to amend.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: January 17, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

14
dice1709.14new(2)

4

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  BERLAN LYNELL DICEY,
11          Plaintiff,                    No. 2: 12-cv-1709 GEB JFM (PC)
12      vs.
13  C. JOKSCH, et al.,                    NOTICE OF AMENDMENT
14          Defendants.
15  _____/
16          Plaintiff hereby submits the following document in compliance with the court's
17  order filed _____:
18          _____      Amended Complaint
19  DATED:
20
21                                        _____
                                          Plaintiff
22
23
24
25
26